**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Alejandro Rojas, | No. CV-15-01985-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Federal Aviation Administration, | |
| Defendant. | |

Before the court is Plaintiff Jorge Alejandro Rojas' Motion to Amend Judgment. (Doc. 23.) The court will deny the Motion because Rojas failed to establish causation for Request 8224 and failed to establish that he substantially prevailed in regards to Requests 8181 and 8537.

## I. BACKGROUND

Jorge Alejandro Rojas ("Rojas") attended Arizona State University and hoped to become an air traffic controller after graduation. (Doc. 21 at 1.) The Federal Aviation Administration (the "FAA") authorized Arizona State University to grant degrees that conferred hiring eligibility under the FAA's Collegiate Training Initiative. (*Id.*) The FAA changed this process in 2014. (*Id.*) Rojas filed three Freedom of Information Act ("FOIA") requests in order to obtain information about changes in the FAA's hiring practice and a controversy involving a FAA employee. (*Id.*) Rojas filed this suit in order to compel responses from the FAA to his three requests.

The following facts are drawn from the undisputed portions of the FAA's

statement of facts (Doc. 14), Rojas' statement of facts (Doc. 16), and parts of the record identified in the parties' briefs.

## a. Request 8224

On July 29, 2015, Rojas electronically submitted a FOIA request. (Doc. 14-2 at 7.) Rojas requested "all emails, chats, and other documents" related to: Shelton Snow, an FAA employee[1], "correspondence regarding media reports related to changes to the air traffic control hiring program or cheating on an exam, and the search terms 'Fox,' 'news,' 'article,' 'trouble in the skies,' and 'NBCFAE.'" (*Id.*) On August 3, 2015, the FAA sent Rojas a letter acknowledging the receipt of his request and named Tessa Berry as the agency contact person. (Doc. 14-2 at 15.) On August 4, 2015, Rojas received a letter naming Stacy M. Thomas as the agency contact person. (Doc. 1-1 at 4-5.) On August 5, 2015, Thomas requested documents responsive to Request 8224 from the Air Traffic Managers at Potomac Consolidated Terminal Radar Approach and the New York Air Route Traffic Control Center. (Doc. 14-3 at 114.)While his request was pending Rojas corresponded with multiple FAA employees. Rojas contacted the FAA on September 1, 2015, and was informed that an employee was reviewing documents related to the claim and intended to respond by September 16, 2015. (Doc. 1-1 at 6-9.) Following this email exchange, the FAA received a question from the Air Traffic Manager at the New York Air Route Traffic Control Center about the scope of the request. (Doc. 14-3 at 115.) An employee contacted the FOIA office at the FAA headquarters for guidance on the situation. (*Id.*) On September 8, 2015, a FOIA coordinator, Melanie Yohe, contacted Rojas about limiting the scope of the request. (*Id.*) Rojas responded that he felt uncomfortable limiting the scope of the request but ultimately did. (Doc. 23 at 7.) On September 21, 2015, Yohe contacted Rojas to let him

---

[1] Rojas requested information related to Shelton Snow after Fox Business Network reported that Shelton Snow allegedly released answers to the new test used by the FAA in evaluating candidates for air traffic controller positions. (Doc. 23 at 14.) According to the record, Rojas claimed that the cheating allegations have negatively impacted his career opportunities with the FAA. (*Id.*)

know that the request would be processed, as it was originally submitted, because the attempt to limit the scope actually had the opposite effect. (Doc. 1-1 at 12.) Yohe explained that the cost of processing the request would exceed the $50.00 Rojas was willing to pay and that no work would begin on the request until Rojas agreed to pay all estimated fees. (*Id*.) Rojas was also informed that the FAA extended the response date to October 16, 2015, due to unusual circumstances. (*Id*. at 13.)

Rojas filed this suit on October 5, 2015. (Doc. 1.) As required by Rule 4(i), Rojas served the complaint by serving it upon the United States Attorney and mailing copies to the FAA, and the Attorney General, which were received respectively on October 14, 15, and 16, 2015. (Doc. 7.) On October 16, 2015, the FAA sent Rojas a written response and responsive documents for Request 8224. (Doc. 14-2 at 42.) Rojas received this letter on October 29, 2015. (Doc. 23 at 8.) The complaint in regards to Request 8224 was found moot since Rojas was satisfied with the release of documents. (Doc. 16 at 4.)

### b. Request 8181 and 8537

The facts regarding Requests 8181 and 8537 have been previously addressed in this Court's Order granting the FAA's Motion for Summary Judgment. (Doc. 20.) Those facts are incorporated herein. To summarize briefly, Rojas submitted Request 8181 on July 26, 2015, seeking "applicant flow analysis" or "applicant survival analysis" described as a numerical listing of demographics at various stages in vacancy announcements. (Doc. 14-2 at 4-5; Doc. 16-1 at 18.) Request 8537 was submitted on August 7, 2015, and sought screenshots or copies of the "applicant information summary" for all candidates that applied to a specific vacancy and which candidates who passed the biographical assessment.

On January 28, 2016, the FAA responded to both requests. (Doc 14-3 at 103-04, 106-07.) The FAA explained to Rojas that they did not have to respond to the requests because the requests would require that the FAA create records that did not previously exist. (*Id*.) The FAA moved for summary judgment in regards to the Requests 8181 and 8537. (Doc. 13.) This Court granted that motion on November 12, 2016. (Doc. 21.) In

granting the motion, this Court concluded that the Court would not compel the FAA to produce documents in connection to Requests 8181 and 8537. (*Id.* at 13.) The Court also denied Rojas' claim for attorney's fees and costs for Requests 8442, 8181 and 8537 since he was not a prevailing party. (*Id.*)

Rojas now asks this Court to amend its Judgment (Doc. 22) and its Order (Doc. 21) in order to award Rojas attorney's fees. (Doc. 23 at 1.)

## II.   MOTION TO AMEND JUDGMENT

Federal Rule of Civil Procedure 59(e) provides a mechanism for a court to alter or amend a prior order. The court has "considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (en banc). However, amending a judgment remains an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A motion to amend judgment may only be granted where: "1) the motion is 'necessary to correct *manifest errors of law or fact upon which the judgment is based;*' 2) the moving party presents 'newly discovered or previously unavailable evidence;' 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law.'" *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (emphasis in original).

In granting the FAA's Motion for Summary Judgment, this Court denied attorney's fees to Rojas. (Doc. 21 at 13-14.) Fees were denied based on the "prevailing party" standard expressed in *Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health and Human Services*. 532 U.S. 598, 605 (2001). Rojas now argues that this Court manifestly erred in applying the law by failing to apply the "catalyst theory," pursuant to 5 U.S.C. § 552(a)(4)(E), in determining his eligibility for attorney's fees. (Doc. 23 at 5.) Previously, Rojas failed to inform the Court that § 552(a)(4)(E) had a different standard than *Buckhannon*. The Court's initial decision to deny fees was the correct application of the *Buckhannon* standard. Nevertheless, it is in this Court's discretion to reconsider the award of attorney's fees under the catalyst theory.

### III.    LEGAL STANDARDS

The fee-shifting provision of FOIA states that a "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). "[A] complainant has substantially prevailed if the complainant has obtained relief through . . . a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii)(II) A party seeking attorney fees in a FOIA action must show that they are both eligible and entitled to an award of attorney's fees. *Hiken v. Dep't of Defense*, 836 F.3d 1037, 1044 (9th Cir. 2016) (citing *Church of Scientology of California v. United States Postal Serv.*, 700 F.2d 486, 489 (9th Cir. 1983)).

#### a.  Eligibility

The Ninth Circuit has crafted a two-step process for determining whether a party is eligible to be awarded fees and costs under 5 U.S.C. § 552(a)(4)(E). To be eligible for an award, a party must show both that "(1) the filing of the action could reasonably have been regarded as *necessary* to obtain the information," and that "(2) the filing of the action had a *substantial causative* effect on the delivery of the information." *Rosenfeld v. United States Dep't of Justice*, 904 F. Supp. 2d 988, 994 (N.D. Cal. 2012) (quoting *Postal Serv.*, 700 F.2d at 489 (emphasis in original). When sought-after FOIA documents are released during litigation, a court must examine "(1) when the documents were released; and (2) what actually triggered the documents' release" in assessing whether a plaintiff has "substantially prevailed" in his case. *Rosenfeld*, 904 F. Supp. 2d at 997 (quoting *Postal Serv*. 700 F.2d at 492. The mere filing of the complaint and the subsequent release of documents is insufficient to establish that a complainant has substantially prevailed. *Calypso Cargo Ltd. v. United States Coast Guard*, 850 F. Supp. 2d 1, 4-6 (D.D.C. 2011). It is equally true that a defendant's voluntary release of documents does not preclude an award of attorney's fees. *Rosenfeld,* 904 F. Supp. 2d at 996 (citing *Postal Serv*. 700 F.2d at 492).

A lawsuit is not considered necessary under § 552(a)(4)(E) when the agency experiences "an unavoidable delay accompanied by due diligence in the administrative process." *Calypso Cargo Ltd.* 850 F. Sup. 2d at 5. However, a significant delay by the agency may provide the "inference that the agency forgot about, or sought to ignore, a FOIA requester's request – and in such a case an award of [FOIA] costs and fees would be appropriate." *Harvey v. Lynch*, 178 F. Supp. 3d 5, 7 (D.D.C. 2016). One court has held that an agency's "sudden acceleration" in processing a FOIA request may lead to the conclusion that the lawsuit substantially caused the agency's compliance with FOIA. *Terris, Pravlik & Millian, LLP v. Centers for Medicare and Medicaid Services*, 794 F.Supp.2d 29, 38 (D.D.C. 2011). But that counts for nothing if the agency was on a reasonable track for review and production and the lawsuit was premature.

### b. Entitlement

Once a court deems a party eligible to recover fees and costs, it then exercises its "discretion to determine whether the plaintiff is entitled to fees." *Oregon Natural Desert Ass'n v. Locke*, 572 F.3d 610, 614 (9th Cir. 2009) (citing *Long v. U.S. I.R.S.*, 932 F.2d 1309, 1313 (9th Cir. 1991)). To determine whether a party is entitled to fees, a court must evaluate a number of equitable factors, including (1) the public benefit resulting from FOIA disclosures in the case, (2) the commercial benefit to the party resulting from the disclosures, (3) the nature of the party's interest in the disclosed records, and (4) whether the government's rationale for withholding the records had a reasonable basis in law. *Hiken*, 836 F.3d at 1044 (citing *Long*, 932 F.2d at 1313).The Ninth Circuit has made clear that "the determination of entitlement is within the sound discretion of the trial court." *Id.*

## IV. ANALYSIS

Rojas claims he substantially prevailed in this lawsuit in regards to Requests 8224, 8181 and 8537. Each claim is considered in turn.

/ / /

/ / /

### a. Request 8224

#### i. Eligibility

As noted above, a party has "substantially prevailed" under FOIA when it obtains "relief through a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). Rojas argues that he is eligible for an award of attorney's fees and expenses because the FAA voluntarily or unilaterally changed its position after the suit was filed. This change in position caused the requested documents to be released. (Doc. 22 at 9.) Rojas asserts that but for this suit being filed, relief would not have been granted because the FAA would have continued asserting the need for Rojas to pay fees without providing any requested records. *Id.* In response, the FAA argues that Rojas' suit was not necessary to compel the release of requested documents. (Doc. 26 at 6-8.) The FAA maintains that it was diligently processing Rojas' request from the time it was submitted and had always intended to release the documents to Rojas, and the lawsuit did not change their conduct or position. *Id.*

This Court has no doubt that Rojas' lawsuit did not catalyze the production of documents. The documents were produced only one day after the FAA received service of the lawsuit. What triggered the release was not the law suit but rather the Request making its way through the regular FOIA process.

Rojas' assertion does not survive a simple look at the calendar. On September 21, 2015, the FAA told Rojas that the response would be due October 16, 2016. Rojas rushed ahead of the expected due date to file this action on October 5, 2015, and served it on October 14 to 16, 2016. Only one day after receiving service, the FAA sent a response and the documents, which Rojas received on October 29, 2015.[2] It is impossible that his lawsuit catalyzed the production when the FAA only knew of the

---

[2] There are many reasons for the delay. Since no party alleges misconduct by the FAA, the Court will not speculate on the reason for the delay.

1  lawsuit for one day. Nor was there a delay of any significance after the service of the

2  action. The asserted delay before the action was filed cannot matter for what this action

3  caused the FAA to do after it was filed. That is enough to deny Rojas' claim for attorney

4  fees as to Request 8224.

5  Even looking past these obvious features of the case the claim still fails. The FAA

6  has provided specific and persuasive evidence that they were working on the request

7  before this action was filed and any delay was due to a good faith effort by the FAA in

8  attempting to respond to the request. There was no delay after the action was served and

9  the production of the documents. Rojas' contentions that the FAA was purposefully

10  ignoring or putting off this request are unsubstantiated and causally irrelevant to what the

11  FAA did after service of this action.

12  There is no evidence that Rojas' suit caused the release of documents. There is

13  only Rojas' rush to file and serve a lawsuit before he got the documents on the date

14  promised. Any delay in receiving the requested documents was a normal delay in the

15  FOIA process and was not in bad faith. If delay in responding to a FOIA request is the

16  result of "an unavoidable delay accompanied by due diligence in the administrative

17  process," the agency is still acting in good faith. *Calypso Cargo Ltd.,* 850 F. Supp. 2d at

18  4-6. The causation requirement is missing when disclosure results from delayed

19  administrative processing. *Id.* When agencies fail to take any action or to research the

20  request until after a FOIA lawsuit has been filed they are not making a good faith effort

21  to comply with the request. *Church of Scientology of California v. Harris,* 652 F.2d 584,

22  588 (D.C. Cir. 1981) (holding there was no good faith effort because the Department of

23  Health, Education and Welfare, relied on assumptions that files did not exist when

24  denying Churches request and did not conduct a search for files until after the litigation

25  began); *Rosenfeld,* 904 F. Supp. 2d at 997-98 (holding the FBI did not act in good faith

26  when it denied FOIA request based on an agent's belief that documents did not exist and

27  only searched for documents after litigation); *Batton v. I.R.S.*, 718 F.3d 522, 526 (5th

28  Cir. 2013) (holding the I.R.S. did not act in good faith when it failed to "take any other

action other than issuing delay letters until after it was served").

Rojas argues that there is no evidence to explain the FAA's delay in fulfilling the request. (Doc. 23 at 8.) Rojas believes that the FAA sat on the request and failed to fulfill it in a timely manner. (Doc. 30 at 5.) The FAA responded by providing a detailed timeline of the actions that were taken in processing Rojas' request prior to the suit being filed. (Doc. 26 at 6-7.) This timeline makes clear that multiple divisions and employees within the FAA had already begun coordinating and processing Rojas' response before this suit was filed. The FAA began working on the request shortly after it was received, conducted multiple searches, attempted to narrow the scope of the request, and kept in contact with Rojas. *Id.* The time it took torespond to Rojas was not because the FAA had failed to conduct the necessary research but rather because the FAA was working to fulfill the large request. *See Alliance for Responsible CFC Policy, Inc. v. Costle*, 631 F.Supp. 1469, 1470 (D.D.C.1986) (explaining that because the plaintiff's FOIA request was "undeniably broad and required searches by several departments within the [agency,] . . . the [agency's] failure to disclose in timely fashion appears to be an unavoidable delay accompanied by due diligence in the administrative processes and not the result of agency intransigence" (internal quotation marks omitted)).

Additionally, this is not a case where the agency failed to conduct research or acted upon an assumption about the existence of records. The FAA conducted searches for the requested records shortly after receiving the request. This litigation did not force the FAA to begin searching for records or fulfill the request. The record shows that the FAA responded to the request eleven days after the lawsuit had been filed (Doc. 26 at 8) and produced the documents before it knew of the lawsuit.

The Court finds that the FAA made a good faith effort to search for information and respond to Rojas' request. Any prior delay was not due to intransigence, but was the result of a diligent, ongoing process that began before the initiation of this lawsuit. Prior delay is irrelevant to causation anyway. There was no delay after Rojas filed and served this action. Unless Rojas can make the arrow of time fly backwards, he has failed to

establish that his lawsuit was necessary to obtain the requested documents or that it had a substantial causative effect on the release of documents. Rojas is therefore ineligible for an award of attorney's fees.

### ii. Entitlement

As noted above, if a court deems a party eligible to recover fees and costs, it then exercises its "discretion to determine whether the plaintiff is entitled to fees." *Oregon Natural Desert Ass'n*, 572 F.3d at 614. If Rojas were eligible for fees, he would fail anyway under the discretionary factors. In determining a plaintiff's entitlement the court must evaluate a number of equitable factors, including (1) the public benefit resulting from FOIA disclosures in the case, (2) the commercial benefit to the party resulting from the disclosures, (3) the nature of the party's interest in the disclosed records, and (4) whether the government's rationale for withholding the records had a reasonable basis in law. *Hiken*, 836 F.3d at 1044.

### 1. Public Benefit

The public benefit factor takes into account the "degree of dissemination and the likely public impact that might result from disclosure." *The Sierra Club v. United States Envtl. Prot. Agency*, 75 F. Supp. 3d 1125, 1145 (N.D. Cal. 2014) (quoting *Postal Serv.*, 700 F.2d at 493). An award of attorney's fees is "disfavored when it merely subsidizes private concerns." *Id*. However, "[a] public benefit may result even though the specific document is for plaintiff's sole use." *Id*.

Rojas argues that there was a public benefit because the released documents allowed the public to become aware of the hiring process changes at the FAA and how the FAA investigated Shelton Snow. (Doc. 23 at 13.) Additionally, Rojas published the information to the Association of Collegiate Training Institutions and to over 1,800 individuals who were impacted by the changes in the hiring process. (Doc. 30 at 9.)

The FAA argues that there is no public benefit because the "documents would not contribute to the public's understanding of the operations of the Federal Government," and Rojas does not have the "ability to disseminate the information to a reasonably broad

audience." (Doc. 26 at 14.) The benefit is not to the public at large but rather Rojas and a select few in the specific community (Doc. 13 at 7), because Rojas will merely "post the information to an internet blog site and provide it to a journalist." (Doc. 26 at 14.)

Rojas sought the information so he could disseminate the information to specific groups as well as the public at large. Additionally, there had been some interest in this story after it was reported on Fox Business and the public could possibly benefit from the release of records concerning the situation. But Rojas' briefs are silent on what the public could have learned from these records once published. It is possible that there could be a public benefit but Rojas has not shown enough for this Court to conclude that the release of the documents would have conferred a public benefit. This would slightly weigh against an award of attorney's fees.

### 2. Commercial Benefit and Nature of Plaintiff's Interests

The commercial benefit to the party resulting from disclosures and the nature of the plaintiffs' interest are closely related and often considered together. *Postal Serv.*, 700 F.2d at 494. In general, they weigh against the award of attorney's fees where the plaintiff seeks disclosure for a commercial benefit or for other personal motives. *Id.* Ninth Circuit precedent instructs courts evaluating these two factors that they "should generally award fees if the complainant's interest in the information sought was . . . public-oriented," but not award fees if the interest was of a frivolous or purely commercial nature. *Long v. U.S. I.R.S.*, 932 F.2d 1309, 1316 (9th Cir. 1991) (quoting *Postal Serv.*, 700 F.2d at 496 n. 6).

Rojas and the FAA agree that Rojas obtained no commercial benefit from the documents being released. This would weigh in favor of an attorney's fees award.

As to the nature of the plaintiff's interest, Rojas argues he sought the records for the interest of the public to expose "substantial claims of government wrongdoing by Defendant's employee Shelton Snow," because these wrongdoings could undermine the public's trust in air traffic safety. (Doc. 23 at 14.) The FAA argues that Rojas provides no basis to determine whether he is entitled to attorney's fees because he did "not claim

an interest in the disclosed records, but instead states that he sought the records for the benefit of the public." (Doc. 26 at 15.) Rojas replied that his interest in releasing the documents is that he believes the FAA's "actions harmed his ability to get a job for which he studied hard." (Doc. 30 at 10.)

Rojas' requests were not frivolous and were not purely commercial. Rojas had a personal interest in securing the documents due to his concerns over his future employability. This genuine concern makes his request non-frivolous. The request was also not purely commercial. While there was a commercial element to Rojas' future employability he was not solely motivated by this interest and had an interest in disseminating the information to the public. Rojas' mixed interest in obtaining the documents would weigh in favor of attorney's fees being awarded.

### 3. Reasonable Basis in Law

As to the fourth factor, the courts consider "whether the government's withholding of the records sought had a reasonable basis in law." *Postal Serv.*, 700 F.2d at 492. The denial of a FOIA request must have a colorable basis in law and not merely for the purpose of frustrating the requester. *Rosenfeld*, 904 F. Supp. 2d at 997. The burden is on the government to demonstrate that its conduct is reasonable. *The Sierra Club*, 75 F. Supp. 3d at 1145.

Rojas argues that there was no reasonable basis in law for withholding the documents and attempting to charge fees. (Doc. 23 at 14.) He also argues that despite the records already being collected the FAA failed to release them because it wanted to limit Rojas' search. *Id*. The FAA argues that it "did not withhold records, but processed the request and provided a complete response to Plaintiff on the due date that Defendant told Plaintiff." (Doc. 26 at 15.)

The documents on Request 8224 were not withheld from Rojas and were not unreasonably delayed, before or after the lawsuit. A delay in the administrative process does not entitle a FOIA plaintiff to an award of fees, absent bad faith. *See Read v. FAA*, 252 F. Supp. 2d 1108, 1112 (W.D. Wash. 2003) (finding that delay due to ineptitude

alone is not sufficient to weigh in favor of a fee award); *Ellis v. United States*, 941 F.Supp. 1068, 1080 (D. Utah 1996) (when a plaintiff challenges the delay in production of requested documents rather than withholding of documents, the reasonableness factor does not favor a fee award so long as the Government was not engaging in obdurate behavior or acting in bad faith).

As discussed earlier the FAA has advanced a reasonable explanation for the delay. There is no evidence that the FAA purposefully delayed or withheld documents with the purpose to frustrate requester. Rojas argues that the FAA was attempting to withhold documents but he advances no evidence to support his speculative claim. Since delay was due to the administrative process, it was reasonable and not in not bad faith. This factor weighs against the award of attorney's fees.

It is in the court's discretion to balance the factors and determine whether to award attorney's fees. *Oregon Natural Desert Ass'n*, 572 F.3d at 614. For this reason, even if Rojas were eligible, this Court in its sound discretion would find he is not entitled to an award of attorney's fees.

Rojas has not substantially prevailed in this suit and is not eligible or entitled to an award of attorney's fees.

### b. Requests 8181 and 8537

Both eligibility and entitlement presuppose that documents were released by the agency. In this case no records or documents were ever released in connection to requests 8181 or 8537. In order to be eligible to attorney's fees, Rojas must show that the filing of this action was necessary and had a substantial causative effect on the delivery of the information from the FAA. *Postal Serv.*, 700 F.2d at 489. There was no information delivered for either of those claims, so Rojas is not eligible. Rojas is neither eligible nor entitled to receive attorney's fees in connection to Requests 8181 and 8537.

/ / /

/ / /

- 13 -

1       IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend Judgment (Doc.

2  23) is denied.

3       Dated this 5th day of May, 2017.

4

5

6                                  Neil V. Wake
                         Senior United States District Judge